MATTER OF A——

In SECTION 245 Proceedings

A-11726627

*Decided by Regional Commissioner May 25, 1960*
*Approved by Assistant Commissioner June 1, 1960*

Adjustment of status—Section 245 of 1952 act—Not warranted where applicant failed to take advantage of opportunity to apply for visa outside United States.

(1) An alien crewman who intentionally deserted his vessel in 1958 and who thereafter departed from the United States upon denial of an application for adjustment of status has failed to establish that he was a *bona fide* nonimmigrant when he reentered as a crewman some five months later and immediately filed a new application for adjustment of status.

(2) The present application would be denied in any event as a matter of discretion since the applicant made no effort while outside the United States to obtain a nonquota immigrant visa (for which he was eligible) from an American consul.

## BEFORE THE REGIONAL COMMISSIONER

Discussion: The applicant, a citizen of Greece, born February 13, 1933, at Piraeus, Greece, is a crewman who was last admitted to the United States on August 16, 1959, at New York, N.Y., as a nonimmigrant crewman. He was granted a landing permit for the period of time his ship was in port under the provisions of section 252(a)(1) of the Immigration and Nationality Act. He proceeded to Baltimore, Maryland, and on August 24, 1959, filed this application for status as a permanent resident. The District Director at Baltimore denied the application on the ground that the applicant was not a *bona fide* nonimmigrant at the time of entry and the applicant has appealed.

The applicant is married to a United States citizen. A visa petition was approved on January 12, 1959, according him nonquota status. Therefore, an immigrant visa is immediately available to him. He has established that he is admissible to the United States. The sole issue to be determined is whether he was admitted to the United States as a *bona fide* nonimmigrant.

The applicant was admitted to the United States several times during the years 1952-1955 as a nonimmigrant crewman. From

655

1955 until the spring of 1958 he was unable to sign on a ship destined to the United States but he finally secured a berth on a ship in Rotterdam which was destined to Baton Rouge, La. When the ship arrived in Baton Rouge on July 1, or 2, 1958, he was granted a landing permit under the provisions of section 252(a)(1) of the Immigration and Nationality Act and he immediately deserted his ship and went to Baltimore, Md. On December 31, 1958, he married his present wife and on January 2, 1959, he was apprehended by this Service. On January 5, 1959, he filed an application for status as a permanent resident. In a sworn statement made before an officer of this Service on January 2, 1959, the applicant had testified that he had been trying to get to the United States for several years and when he signed on the vessel at Rotterdam it was his intention to desert as soon as the ship arrived in the United States. Consequently, on January 27, 1959, his application for status as a permanent resident was denied, and on February 16, 1959, the Regional Commissioner affirmed the decision of the district director. The applicant was then informed that if he departed from the United States at his own expense prior to April 5, 1959, no formal proceedings would be instituted to enforce his departure. He subsequently departed as a crewman on the SS. *Atlantic Grace* on March 23, 1959. He remained outside the United States until August 16, 1959, when he again applied for admission as a crewman.

The applicant has testified that, although he knew a visa petition had been approved on January 12, 1959, according him nonquota status, he made no attempt to secure an immigrant visa while outside the United States. He states that he was on a ship which was in the Pacific and it was impossible for him to contact an American consul. Yet he signed on the ship on which he last arrived in the United States at Vancouver, Canada. There is an American consulate in that city whom he could have contacted had he so desired.

The applicant has testified that it was his intention to depart from the United States on the ship on which he arrived, but that he went to Baltimore after arriving at New York, to discuss his case with his attorney and that his attorney advised him to file this application.

In view of the applicant's statements made on January 2, 1959, concerning his efforts to gain entry into the United States and his subsequent application for status as a permanent resident, and in view of the fact that immediately after gaining admission again as a crewman he filed another application for status as a permanent resident, we find that the district director properly held that the applicant has failed to establish that he was a *bona fide* nonimmigrant at the time of entry.

Furthermore, had the applicant been able to establish statutory

656

eligibility for status as a permanent resident under section 245 of the act, favorable exercise of the Attorney General's discretion is not warranted since, subsequent to his departure after prior denial of such an application, he made no effort to secure an immigrant visa in the regular manner even though such a visa was immediately available to him at an American consulate outside the United States.

**Order:** It is ordered that the decision and order of the district director be affirmed.